UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAHMEL WILLIAMS,

                        Petitioner,

     -against-

UNITED STATES OF AMERICA,

                       Respondent.
-----------------------------------------------------------------X

**OPINION AND ORDER**
13-cv-4815(SJF)

FEUERSTEIN, District Judge:

Petitioner Rahmel Williams ("Williams") moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of imprisonment. (*See* § 2255 motion (Dkt. 1) ("Mot.")). The United States of America (the "Government") opposes Williams' motion. (*See* Response in Opposition (Dkt. 10) ("Opp.")). For the following reasons, Williams' motion is denied.

I.     BACKGROUND

    A.     **The Indictment, Plea Agreement, Plea Hearing, and Sentence**

After receiving information that Williams, in concert with others in a Roosevelt, New York-based gang called the "Rollin' 60s Crips," was dealing cocaine base (*i.e.*, crack cocaine), the FBI's Long Island Gang Task force sent a cooperating witness to purchase narcotics from Williams. (*See* April 30, 2012 Plea Hearing Transcript ("Tr.") at 12-13; Opp. at 3). The cooperating witness purchased 9.64 grams of crack from Williams on September 9, 2010 and 19.76 grams on September 22, 2010 – a total of 29.40 grams. (*See* Tr. at 12-13; Opp. at 3). Both transactions occurred in Nassau County, New York. (Tr. at 12-13).

On January 6, 2011, a federal grand jury in the Eastern District of New York indicted Williams on a single count of conspiring with others to distribute 280 grams or more of a

1

controlled substance containing cocaine base, a Schedule II drug, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. (E.D.N.Y. Case No. 11-cr-0016 ("Cr. Dkt.") 1). A warrant for Williams' arrest was issued on January 6, 2011, and he was taken into custody and arraigned on July 14, 2011. (1/6/2011 Cr. Dkt. Entry; Cr. Dkt. 5; Opp. at 4). In September 2011, the Government provided Williams' attorney, Terrence P. Buckley, with discovery, including laboratory reports from the Nassau County Police Department Forensic Evidence Bureau indicating that the substance the FBI's cooperating witness purchased from Williams on September 9 and 22, 2010 was in fact crack cocaine. (*See* Affirmation of Terence P. Buckley, dated November 13, 2013 (Dkt. 7) ("Buckley Aff.") at ¶ 2; Opp. at 4; Mot. Exhibits (Dkt. 1-1) at 6, 8).

On April 30, 2012, Williams plead guilty to the lesser-included offense of conspiracy to distribute 28 grams or more of cocaine base (*i.e.*, the amount Williams personally sold to the informant), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii), pursuant to a plea agreement with the Government. (*See* Plea Agreement (Opp. Ex. A) at ¶ 1; Cr. Dkt. 21). The plea agreement specifies, *inter alia*, that the maximum term of imprisonment under § 841(b)(1)(B)(iii) is 40 years and the minimum is 5 years. (Plea Agreement at ¶¶ 1(a) and (b)). Pertinently, the plea agreement also provides that Williams "agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event the Court imposes a term of imprisonment of 97 months or below." (*Id.* at ¶ 4).

During a plea allocution hearing held on the same day, Williams stated that Mr. Buckley had fully explained the plea agreement and its consequences, and that Williams understood the same. (Tr. at 4-9). During the hearing counsel Assistant United States Attorney John Durham also described the material terms of the plea agreement, including that "[i]n paragraph 4 of the

agreement, defendant waives the right to appeal or file a petition pursuant to Title 28 United States Code Section 2255 if the Court sentences him to 97 months or less." (Tr. at 10). Williams also stated under oath that "on two separate occasions I sold crack cocaine to a confidential informant of the government." (Tr. at 12). On September 10, 2012, the Court sentenced Williams to seventy (70) months in prison, which was the bottom of the Guidelines range, with four (4) years of supervised release thereafter. (Cr. Dkt. 23-24).

### B. Williams' § 2255 Motion

On August 26, 2013, Williams timely filed his § 2255 motion. He argues that his conviction and sentence should be vacated and the indictment dismissed due to testing errors within the narcotics testing section of Nassau County's crime laboratory, the body that tested the substances that Williams sold to the government informant in September 2010 and confirmed that it was crack cocaine. (*See* Mot. at 4, Exhibits). Specifically, Williams argues:

> In order to obtain the indictment and subsequent plea of guilty, the U.S. Gov[ernment] prosecutor relied on faulty lab work which has now become known and was not known prior to the rendering of my plea. I would not have pleaded guilty had I known or been apprised of the faulty laboratory report.

(Mot. at 4). In support of his motion, Williams attached news articles from February and October 2011 (more than fourteen (14) and six (6) months before he pled guilty, respectively) addressing inaccurate drug testing results within the drug chemistry section of the Nassau County laboratory dating back to 2007, and the County's subsequent decision to shut the laboratory down and re-test evidence that had been relied upon to support thousands of drug convictions. (Dkt. 1-1 at 2-5).

In a sworn affirmation dated November 13, 2013, Williams' attorney, Mr. Buckley, contradicts Williams' version of events. (*See* Buckley Aff.). Specifically, Mr. Buckley states the following:

3

> In the course of my representation of Mr. Williams we had several discussions concerning the problems at the Nassau County Crime Lab, since the government provided me with Nassau County lab reports as part of discovery in this matter. ... I informed Mr. Williams that a motion to suppress the evidence in his case was possible if he chose to do that. ... I had several discussions with AUSA John Durham concerning the potential motion. ... I informed Mr. Williams of the new plea offer [of five (5) years to forty (40) years] and also informed him that if he wanted to file a motion to suppress the evidence, the government's new plea offer was going to be withdrawn. ... Mr. Williams, in my view, fully understood what I told him, and decided to take the plea offered by the government.

(Buckley Aff. at ¶¶ 2-4, 7-8).

## II. LEGAL STANDARDS

### A. § 2255

Section 2255(a) of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. U.S.*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotations omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. U.S.*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotations omitted). A prisoner may receive an evidentiary hearing on his § 2255 motion unless "it plainly appears from the motion,

4

any attached exhibits, and the record of prior proceedings that [he] is not entitled to relief..." *Puglisi v. U.S.*, 586 F.3d 209, 213 (2d Cir. 2009).

### B. § 2255 Waivers

It is well-established that a defendant's knowing and voluntary waiver of his right to appeal or file a § 2255 motion in connection with a plea agreement is presumptively valid and enforceable. *See, e.g., U.S. v. Peele*, 500 Fed. App'x 33, 35 (2d Cir. 2012); *U.S. v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011); *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). A § 2255 petitioner may escape the preclusive consequences of a waiver if he can point to errors in the plea negotiation process that rendered his assent to a plea agreement's waiver provision non-knowing and/or involuntary. *See Frederick*, 308 F.3d at 195. One prime example is where the petitioner has a meritorious argument that his agreement to the waiver was the product of ineffective assistance of counsel. *See U.S. v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004).

### III. DISCUSSION

Williams' plea agreement provides that he "agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 97 months or below." (Plea Agreement at ¶ 4). At the plea allocution hearing, Williams indicated under oath and unequivocally that Mr. Buckley had explained the plea agreement and its consequences, and that he understood the terms of the plea agreement, including the waiver provision, which AUSA Durham accurately re-stated on the record. (Tr. at 8-11). After accepting his guilty plea on the lesser-included charge, the Court sentenced Williams to seventy (70) months in prison, which was the bottom of the Guidelines range. (Cr. Dkt. 23).

Absent some error in process leading up to the plea agreement, such as ineffective

assistance of counsel, this waiver is valid and enforceable. There was no such error. Before Williams elected to plead guilty, Mr. Buckley discussed the recent drug testing errors at the Nassau County laboratory with him and the possibility of filing a motion to suppress evidence in light of those errors. (Buckley Aff. at ¶¶ 2-3, 7-8). Williams elected to accept the Government's plea offer rather than proceeding to trial and seeking to suppress the incriminating laboratory reports. This was an eminently reasonable decision, given that (as he admitted under oath) Williams had in fact sold crack cocaine to a government informant on two occasions (Tr. at 12) and the Government presumably could have had the substance re-tested at a different facility. Accordingly, the waiver provision is valid and enforceable, and Williams will be held to his bargain.

## IV. CONCLUSION

For the reasons set forth above, Williams' motion to vacate, set aside, or correct his sentence of imprisonment pursuant to 28 U.S.C. § 2255 is denied. Given that it is clear from the record that Williams is not entitled to § 2255 relief, the Court will not hold an evidentiary hearing on his motion. The Court declines to issue a certificate of appealability because Williams has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to serve notice of entry of this Order upon Williams in accordance with Rule 5(b) of the Federal Rules of Civil Procedure

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: July 28, 2016
Central Islip, New York